IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES KIRBY NELMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00317 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. HUBURT, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff James Kirby Nelms, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, against Dr. Huburt. Having reviewed Nelms' second amended complaint (ECF No. 13), the court concludes that Nelms has failed to state a cognizable federal claim against Dr. Huburt and will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

Nelms alleges that, on or about April 16, 2020, Dr. Huburt discussed Nelms' "medical issues" in the presence of an officer in the doctor's office. Although he does not explicitly identify a right which he believes Dr. Huburt has violated, presumably, Nelms is arguing that he has a right to privacy concerning his medical care.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "[T]here is no general fundamental right to privacy in personal medical information, thus even if [the plaintiff's] medical history was relayed to other parties by jail personnel, this fails to raise a claim of constitutional magnitude." Scott v.

Blue Ridge Reg'l Jail Auth., No. 7:06cv368, 2006 U.S. Dist. LEXIS 51387, at *3 n.3, 2006 WL 2125634, at *1 n.3 (W.D. Va. July 27, 2006).  Further, to the extent that Nelms may be arguing that Dr. Huburt's discussion in front of the officer is a violation of HIPAA,[1] HIPAA does not provide a private right of action.  See Neal v. United States, No. CV ELH-19-1033, 2019 U.S. Dist. LEXIS 206028, at *35, 2019 WL 6341622, at *14 (D. Md. Nov. 27, 2019) ("There is no private right of action under HIPAA"); Switzer v. Thomas, No. 5:12CV00056, 2013 U.S. Dist. LEXIS 25755, at *8, 2013 WL 693090, at *3 (W.D. Va. Feb. 25, 2013), report and recommendation adopted, No. 5:12CV00056, 2013 U.S. Dist. LEXIS 37812, 2013 WL 1145864 (W.D. Va. Mar. 19, 2013), aff'd, 535 F. App'x 312 (4th Cir. 2013) ("Since HIPAA creates no private cause of action and since there is no fundamental right of privacy in personal medical information, no cognizable cause of action has been stated against [the defendant]."); Atkinson-Bush v. Balt. Wash. Med. Ctr., Inc., No. L-10-2350, 2011 U.S. Dist. LEXIS 57078, 2011 WL 2216669, at *3 (D. Md. May 25, 2011) ("It is well established . . . that no private right of action exists under HIPAA."); Stewart v. Parkview Hosp., 940 F.3d 1013, 1015 (7th Cir. 2019) (holding that "HIPAA confers no private right of action" and noting that "all other circuits to have considered the question have concluded that HIPAA does not confer individual enforcement rights—express or implied").

---

[1] The Health Insurance Portability and Accountability Act of 1996 ("HIPPA") generally provides for confidentiality of one's medical records, protects the privacy of individually identifiable health information, and sets penalties for improper disclosures of medical information.  42 U.S.C. § 1320.  The enforcement of the statute, however, is limited to the Secretary of Health and Human Services and, under certain circumstances, state attorneys general.  42 U.S.C. §§ 1320d–5(a), (d).

For these reasons, the court concludes that Nelms' allegations fail to state a cognizable federal claim under § 1983 and will dismiss this action under 28 U.S.C. § 1915A(b)(1).

**ENTERED** this 30th day of September, 2020.

_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE